IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2221-BO

| | | |
|---|---|---|
| STEPHEN W. GRIMMETT, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRACY JOHNS, | ) | |
| Respondents. | ) | |

Stephen W. Grimmett, a former federal inmate, petitioned for a writ of habeas pursuant to 28 U.S.C. § 2241. Petitioner seeks credit against his sentence pursuant to 18 U.S.C. § 3585(b). Respondent has filed a motion to dismiss or alternatively for summary judgment [D.E. 7] based on mootness. Petitioner has not responded.

Upon the filing of this habeas petition, the Bureau of Prisons conducted a review of Grimmett's federal sentence and recalculated that sentence. See Declaration of Kara Carr, ¶ 11. The Bureau found Grimmett was correct in his argument and awarded additional prior custody credit not awarded toward any other sentence. Id. (it was confirmed that the time the Grimmett spent in state custody had not been awarded toward his 117-month term of probation.). His new statutory release date was calculated to be November 23, 2011. Id. His sentence computation was updated on February 2, 2012. Id. Since his statutory release date had already passed at the time the error was discovered, Grimmett was immediately released from custody on February 3, 2012. Id. Thus, petitioner is no longer within the custody of the Bureau of Prisons, and the matter is moot. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Soliman v. United States, 296 F.3d 1237, 1241 (11th Cir. 2002); see e.g., Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).

Accordingly, respondent's motion is GRANTED [D.E. 7] and the petition is DISMISSED as MOOT. The case is CLOSED. SO ORDERED, this _11_ day of June 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE